# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE PRICE, Trustee of The Joyce A. Childress Trust of 2004,<br><br>Plaintiff,<br><br>vs.<br><br>GRAND BANK FOR SAVINGS, FSB, a Federal Savings Bank, et al.,<br><br>Defendants. | CASE NO. 18cv440-LAB (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Dkt. 4];**<br><br>**ORDER DENYING MOTION TO STRIKE [Dkt. 5]** |

Plaintiff Natalie Price is the sole owner, via trust, of a property that is encumbered by a loan to which she is not a signatory. That loan is now in default, and Price has sued the Defendants to prevent foreclosure of the property. Currently before the Court is Defendants' Motion to Dismiss and/or Strike portions of Price's Complaint. For the following reasons, Defendants' Motion to Dismiss is **GRANTED**. Defendant's Motion to Strike is **DENIED AS MOOT.**

## BACKGROUND

In 1998, Joyce A. Childress, Plaintiff's grandmother, obtained a loan from CIT Group for $48,000 that was secured against her property at 753 Winston Drive, San Diego, CA 92114 (the "Loan"). Prior to the Loan, Childress owned the property without any debt. In 2004, Childress placed the property in the Joyce A. Childress Trust of 2004.

On July 6, 2012, Defendant Grand Bank acquired the Loan from CIT Group. In 2013, Childress passed away. Plaintiff's father was trustee of the Trust until January 30, 2018, when Plaintiff assumed the role. A few months before Plaintiff took over as trustee, on November 8, 2017, Grand Bank recorded a Notice of Default and Election to Sell Under Deed of Trust, with a cure amount of $11,121.06. Although a Trustee's Sale was scheduled, a foreclosure sale has not yet taken place. Importantly, despite being the owner of the Property by virtue of her status as trustee of the Trust, Price is not a party to the Loan her grandmother originally obtained. Price alleges, though, that she has been "treated as the borrower for years now." Dkt. 7 at 4. She has made payments on the note, dealt with the San Diego County Tax Assessors regarding the document transfer tax, and has "dealt with Grand Bank regarding the note for a few years now." *Id.*

Plaintiff sued to block the foreclosure on February 26, 2018, alleging violations of the Fair Housing Act (FHA) and the Fair Debt Collection Practices Act (FDCPA), among other causes of action. Dkt. 1. Plaintiff alleges that Defendants engaged in a series of schemes designed to force Plaintiff to default on the note. *Id.* at 4-5. These actions included declining payments submitted through Western Union, withdrawing funds from her bank account without authorization, frequently and intentionally losing her payments, and sending harassing communications regarding payment due dates. *Id.* at 4. Plaintiff also alleges that after the death of her grandmother, the County of San Diego improperly assessed a transfer tax. While she was in the process of resolving that issue with the County, Grand Bank proceeded to pay the outstanding property taxes on the property, despite the fact that Price informed Grand Bank the taxes were assessed in error. *Id.* at 4. Grand Bank then included the amount of those taxes in the arrearages Price must pay to prevent foreclosure. *Id.* at 5. As a result of all of these actions, Price claims Grand Bank effectively prevented her from paying off the Loan. She also claims she has suffered physical ailments, including a heart attack, as a result of the stress from the foreclosure proceedings. *Id.* at 3-4.

**ANALYSIS**

**1.     Legal Standard**

A complaint may be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). In determining whether to grant a motion to dismiss, material allegations made by a plaintiff are assumed to be true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court reviews allegations of material fact in a light most favorable to the non-moving party. *Cedars-Sanai Med. Ctr. V. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In determining plausibility, a court must also consider an "obvious alternative explanation" for defendant's behavior. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citing *Iqbal*, 556 U.S. at 682). If such an alternative, plausible explanation is presented by defendant and makes plaintiff's explanation implausible, then the complaint may be dismissed. *Id.*

**2.     Judicial Notice**

Defendants request the Court take judicial notice of five documents pursuant to FRE 201: (1) The Deed of Trust referenced in the Complaint; (2) The Assignment of Deed of Trust/Mortgage 2012-0392464 from CIT Group to LSF6 Bermuda Investments Trust Series 2008-1; (3) The Assignment of Deed of Trust/Mortgage 2012-0392465 from LSF6 Bermuda Investments Trust Series 2008-1 to Grand Bank For Savings, FSB; (4) The Notice of Default referenced in the Complaint; and (5) The Notice of Trustee's Sale

referenced in the Complaint. Dkt. 4-2. The Defendants' request to take judicial notice of these documents is **GRANTED**.

### 3. Standing

FRCP 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Whether Plaintiff is the real party in interest in this suit under FRCP 17 depends on the applicable state substantive law. *American Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981). For each claim, "a plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000).

Defendants argue that because Plaintiff is not a signatory to the Loan and has not assumed the Loan, she may not prosecute an action to prevent foreclosure of her property based on default of the Loan. In support of this argument, they point to a long line of cases, most of which arose from the Housing Crisis, precluding parties not named on a loan from maintaining an action against the foreclosing bank. *See, e.g., Cabrera v. Countrywide Fin.* (N.D. Cal. Oct. 30, 2012) 2012 WL 5372116; *Brockington v. J.P. Morgan Chase Bank, N.A.* (N.D.Cal. July 1, 2009) 2009 WL 1916690; *Cleveland v. Deutsche Bank Nat. Trust Co.* (S.D.Cal. Feb. 2, 2009) 2009 WL 250017. Each of those cases involved a would-be Plaintiff who was not a signatory to the loan. For example, in *Brockington*, the would-be Plaintiff transferred the property to her daughter so that her daughter's credit could be used in securing better financing. *Brockington*, 2009 WL 1916690, at *2-3. The Court found that the mother had no standing to sue based on that loan. *Id.* Likewise, in *Cabrera* and *Cleveland*, only one spouse was a signatory to the mortgage, and the courts held that the other spouse had no standing to sue. *Cabrera*, 2012 WL 5372116, at *8; *Cleveland*, 2009 WL 250017, at *2.

But the cases Defendants rely on differ materially from this case. In each of those cases, there was another party (a daughter in *Brockington*; a spouse in *Cabrera* and *Cleveland*) who could pursue the claim to protect the property from foreclosure, even if the individual plaintiff lacked standing. Here, Price is the sole owner of the Property

encumbered by the Loan. In her opposition, Price alleges that she has continued to make payments on the Loan and that she has dealt with Grand Bank in this capacity for years. Dkt. 7 at 4. Grand Brank does not dispute this. A rule that would prohibit the sole owner of a property from suing based on an encumbering loan (especially one the Plaintiff has made payments on for years) would make little sense, which is why several courts have found that Plaintiffs like Price have standing to sue in these situations. In *Washington v. Green Tree Servicing,* 2017 WL 1857258 (S.D. Ohio 2017), for example, the court found that the Plaintiff had standing to sue where she "became the sole title owner of the property and thus a successor in interest in the property upon the death of her mother." *Id.* at *5. The Court found it important that the defendants "treated plaintiff as a borrower for all intents and purposes," including by accepting her mortgage payments for years. *Id.* Similarly, in *Frank v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 3055901 (N.D. Cal. 2016), the Northern District of California found that a widowed plaintiff had standing to sue in part because "her interest in the property is at stake" and because "the threat of default [and] possible foreclosure … surely obligate her under the mortgage." *Id.* at *5. Given that Defendants have not refuted Price's argument that the Defendants have effectively treated her as the borrower for years, the Court finds Price is not categorically barred from asserting claims based on the Loan.

### 4. Defendants' Motion to Dismiss

Apart from their argument that Price lacks standing to pursue her claims, which the Court rejects, the Defendants also argue that her Complaint should be dismissed for failure to state a claim. FRCP 12(b)(6). The Court will address each of Price's causes of action in turn.

#### a. Failure to State a Claim Against Grand Financial

Defendants argue that Price improperly names Grand Bank's parent corporation, Grand Financial Corporation, as a Defendant even though it was not involved in the Loan at issue. "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *U.S. v. Bennett*, 621 F.3d 1131, 1137 (9th Cir. 2010)

(quoting *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474-75); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."). Thus, a parent company may generally not be sued for the actions of its subsidiary unless Plaintiff can show that the subsidiary is an alter ego and that the corporate veil should be pierced.

To invoke the alter ego doctrine in California, two conditions need to be met. *Hub City Solid Waste Services, Inc. v. City of Compton*, 186 Cal.App.4th 1114, 1122 (2010) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538). "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist." *Id*. "Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id*. "California courts emphasize that the alter ego determination is very fact specific." *Daewoo Electronics America Inc. v. Opta Corporation*, 875 F.3d 1241, 1250 (9th Cir. 2017) (quoting *Smith v. Simmons*, 638 F.Supp.2d 1180, 1191 (E.D. Cal. 2009)). To satisfy the first element, unity of interest and ownership, relevant factors include commingling of funds between entities, use of the same employees, and other reviews of corporate structure. *See Daewoo*, 875 F.3d at 1250. To find an inequitable result under the second element, a claimant is expected to allege "some conduct amounting to bad faith." *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825, 842 (1962).

*Plaintiff* has not alleged sufficient facts to meet the specific requirements of the alter ego doctrine with respect to Grand Financial Corporation. Plaintiff's opposition simply states that "Plaintiff names . . . Grand Financial Corporation as a Defendant in the event the Court finds that bad faith exists on the part of Grand Bank which would result in the piercing of the corporate veil." Dkt. 7 at 6. She fails to discuss any of the factors to show unity of interest and ownership between Grand Financial and Grand Bank. This is insufficient. Plaintiff must plausibly plead that Grand Financial *is* an alter ego of Grand

Bank, not that evidence *may* arise at some point in the litigation that *may* support that finding. The Court finds that Grand Financial Corporation is not properly named as a Defendant. Price's claims against Grand Financial Corporation are **DISMISSED WITHOUT PREJUDICE**.

### b. Claim No. 1: Fair Housing Act

Plaintiff alleges the Defendants violated the FHA, which prohibits lenders from discriminating on the basis of race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. § 3605. Specifically, she alleges Grand Bank "offered less than favorable loans" and targeted the Property using "predatory lending practices" in violation of the FHA. Dkt. 1 at 6. Even if Plaintiff could theoretically state a claim under the FHA, her claim is time-barred by 18 years. 42 U.S.C. § 3613(a)(1)(A) provides that a claim under the FHA must be filed "not later than 2 years after the occurrence or termination of an alleged discriminatory housing practice." Here, the alleged "discriminatory housing practice" is the issuance of a loan with terms less favorable than what the bank would have offered to a white borrower. Dkt. 1 at ¶29. The Loan was issued in 1998, and Plaintiff's claim is therefore barred by the two-year statute of limitations. Because Plaintiff cannot cure this defect, Plaintiff's claim under the FHA is **DISMISSED WITH PREJUDICE.**

### c. Claim No. 2: Fair Debt Collection Practices Act

Plaintiff alleges that Defendants violated the FDCPA based on their efforts to collect money owed under the Loan. Dkt. 1 at 6-7. The FDCPA prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To properly state a FDCPA claim, a defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz*, 514 U.S. at 294. A "debt collector" is defined by the FDCPA as: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another." 15 U.S.C. § 1692a(6). Significantly, the Act explicitly excludes from the definition of "debt collector" any person collecting or attempting to collect "a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). "The FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" *Monreal v. GMAC Mortg., LLC*, 948 F.Supp.2d 1069, 1085 (S.D. Cal. 2013) (quoting *Perry v. Stewart Title Co.*, 755 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiff fails to address the threshold issue of whether Grand Bank is a debt collector and can be held liable for an FDCPA violation. Plaintiff's grandmother acquired the Loan from CIT Group in 1998. Dkt. 4-2, Ex. 1. On July 6, 2012, the Loan was assigned from CIT Group to LSF6 Bermuda Investments Trust Series 2008-1, then subsequently assigned to Grand Bank. Dkt. 4-2, Exs. 2, 3. Plaintiff has not alleged any facts to show the Loan was in default when it was assigned to Grand Bank, nor to show Grand Bank acquired the Loan solely to facilitate collection for another. Indeed, the Court has taken judicial notice of the Notice of Default, which indicates the Loan did not go into default until May 21, 2017, well after Grand Bank acquired the Loan in 2012. Dkt. 4-2, Ex. 4 at 22. Because there are no facts to support defining Grand Bank as a debt collector under the FDCPA, and because this claim cannot be saved through amendment, the claim is **DISMISSED WITH PREJUDICE.**

### d. Claim No. 3: Wrongful Foreclosure

Plaintiff pleads a claim for wrongful foreclosure under California law. Wrongful foreclosure is a common law tort claim that requires showing: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the

amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (2011).

Plaintiff's claim for wrongful foreclosure fails for the simple reason that there has been no foreclosure sale. Plaintiff's basis for the wrongful foreclosure claim is that Grand Bank "induced Plaintiff to not pay the loan on several occasions" and rejected various Western Union payments. Dkt. 1 at ¶18. Whether or not that's true, there has yet to be a foreclosure sale, so Plaintiff cannot satisfy the first element of the tort of wrongful foreclosure. *See, e.g., Ramirez v. Kings Morg. Servs., Inc.*, 2012 WL 5464359, at *6 (E.D. Cal. Nov. 8, 2012) ("Unless the foreclosure sale has already taken place, Plaintiff's claim for wrongful foreclosure is premature even to the extent there are, theoretically, grounds upon which the claim could be predicated."). Her claim for wrongful foreclosure is **DISMISSED WITHOUT PREJUDICE**. In deciding whether to amend, Plaintiff should consider that once there has been a sale, the other element of wrongful foreclosure is that the Plaintiff attempted to tender the amount owed, which Plaintiff has apparently not done here. *See also* Order Denying TRO, Dkt. 3 at 2 ("Price has a simple remedy: pay the $11,000 and maintain an action for damages.").

### e. Claim No. 4: Unfair Business Practices

Plaintiff alleges Grand Bank engaged in "unlawful, unfair or fraudulent business act(s) or practice(s)" in violation of Cal. Bus. & Prof. Code §17200. Dkt. 1 at 8. This kind of claim generally derives from some other illegal conduct or fraud committed by a defendant. *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993). To have standing in a UCL claim, a plaintiff "must have suffered an injury in fact and lost money or property as a result of alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *7 (N.D. Cal. Jan 28, 2011) (citations omitted). There must also be a "causal connection" between the plaintiff's claimed injury in fact and the defendant's alleged UCL violation. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citations omitted).

Price's claims under the "unlawful" prong of the UCL are predicated on her causes of action for violation of the FHA and FDCPA. Dkt. 1 at 8; Dkt. 7 at 8. Apart from those predicate "unlawful" claims, her claim under the UCL is essentially that Grand Bank disrupted, rejected, misplaced, and/or lost her payments such that the Loan eventually went into default and led to her having a heart attack from the resulting stress in October 2017.[1] *See* Dkt. 7 at 8 ("Plaintiff's injury in fact was her heart attack suffered in October 2017").

The Court first notes that because both the FHA and FDCPA claims are dismissed, the UCL claim must be dismissed to the extent it is predicated on a violation of those statutes. *See Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001) (When a UCL claim is derivative of other substantive causes of action, the claim "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action."). Even assuming Plaintiff can state a UCL claim that is not predicated on those statutes, the Court does not find that she has sufficiently pled a causal link between those actions and her claimed injury, a heart attack she suffered in October 2017. Viewing the facts in the light most favorable to Price, she has not pled sufficient facts to support a causal connection between Grand Bank's alleged UCL violation and her heart attack. Plaintiff's UCL claim is **DISMISSED WITHOUT PREJUDICE**.

### f. Claim No. 5: Conspiracy to Commit Fraud and Conversion

Plaintiff's Fifth Cause of Action is for conspiracy to commit fraud and conversion against Defendants Grand Bank and Grand Financial Company. When a cause of action alleges "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). A plaintiff is expected to allege "who, what, when, where, and how" the fraud was committed. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1097, 1106 (9th. Cir 2003). Defendants should not have to guess how their

---

[1] Plaintiff variously claims this heart attack took place in October 2017 and October 2018. The Court assumes the heart attack took place in October 2017, given that her complaint was filed in February 2018.

conduct was allegedly fraudulent. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). If the allegations in a complaint of fraud do not meet the heightened standard of Rule 9(b), a district court has the discretion to dismiss the complaint. *See Vess*, 317 F.3d at 1107.

Plaintiff alleges "Defendants Grand Financial and its subsidiary Grand Bank formed an association to conspire to deprive Plaintiff of her property through fraud and misrepresentation which would result in Plaintiff's loss of the property through the default created by their actions." Dkt. 1 at ¶50. This conclusory statement, which merely recites the elements of the tort, does not satisfy the heightened pleading requirements required under FRCP 9(b). Because Plaintiff fails to meet the heightened standard of particularity, the Court does not analyze further and the claim is **DISMISSED WITHOUT PREJUDICE**.

### g. Claim No. 6: Intentional Infliction of Emotional Distress

Price's final claim is for intentional infliction of emotional distress (IIED). An IIED claim requires sufficient allegations showing "(i) outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress." *Nally v. Grace Cmty. Church,* 47 Cal.3d 278, 300 (1988). To be classified as outrageous, a defendant's alleged conduct should be extreme enough "to exceed all bounds of that are usually tolerated in a civilized community." *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). In other words, "[t]he conduct must be such that it would cause an average member of the community to immediately react in outrage." *Mehta v. Wells Fargo Bank, N.A.*, 737 F.Supp.2d 1185, 1203 (S.D. Cal. 2010) (quoting *Gomon v. TRW, Inc.,* 28 Cal.App.4th 1161, 1173 (1994)).

Plaintiff's IIED claim fails because Plaintiff does not plausibly plead all the elements of this tort. Plaintiff claims "Defendants' actions were intentional and malicious and done for the sole purpose of causing Plaintiffs [sic] to suffer humiliation, mental anguish, and emotional distress so that Defendant could seize Plaintiff's Property through the

nonjudicial foreclosure process." Dkt. 1 at 10-11. Without doubt, loan servicing and foreclosure activities are inherently stressful for debtors, but Price provides no facts that would give rise to an inference that Grand Bank's actions were outrageous, nor that Grand Bank *intended* to cause her emotional distress. The allegations in her complaint are the exact type of allegations *Twombly* prohibits: "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Twombly*, 550 U.S. at 555. Price's IIED claim is **DISMISSED WITHOUT PREJUDICE**.

### h. Claim No. 7: Injunctive Relief

Plaintiff also alleges a cause of action for "Injunctive Relief." As Defendants point out, injunctive relief is not a separate claim, but a remedy for alleged wrongdoing. *See Mehta*, 737 F.Supp.2d at 1205. Plaintiff's Complaint already lists injunctive relief as a requested remedy against Defendant. Dkt. 1 at 12. As such, Plaintiff's Seventh Cause of Action is **DISMISSED WITH PREJUDICE**. This does not affect whether she may be entitled to injunctive relief as a remedy, only that it cannot be maintained as a standalone cause of action.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim. FRCP 12(b)(6). Defendants' Motion to Dismiss is therefore **GRANTED**. Specifically:

- Plaintiff's First Cause of Action for violation of the FHA is **DISMISSED WITH PREJUDICE** because it is barred by the two-year statute of limitations and amendment would be futile;

- Plaintiff's Second Cause of Action for violation of the FDCPA is **DISMISSED WITH PREJUDICE** because the Defendants are not "debt collectors" as a matter of law;

- Plaintiff's Seventh Cause of Action for injunctive relief is **DISMISSED WITH PREJUDICE** because it is not a standalone cause of action;

- Plaintiff's remaining causes of action, as well as the claims against Grand Financial Corporation, are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is not categorically barred, as Defendants would have it, from bringing *any* suit related to the Loan or the potential foreclosure. For example, the Court does not

1  opine on whether she may challenge a wrongful foreclosure after a foreclosure sale takes
2  place, assuming she meets the tender requirements.  The disposition here is simply that
3  the current iteration of Price's complaint fails to state a cognizable claim.  Price should
4  only file an amended complaint in this Court if she believes she can correct the various
5  deficiencies identified.  If she does, she shall file the amended complaint by **November**
6  **5, 2018**.

Defendants' Motion to Strike is **DENIED AS MOOT**. Dkt. 5.

**IT IS SO ORDERED**.

Dated: October 4, 2018

*[signature]*

**Honorable Larry Alan Burns**
United States District Judge